UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19cv22704

BARBARA WASIAK, individually and
on behalf of all those similarly situated,

    Plaintiff,

v.                                        **COMPLAINT – CLASS ACTION**

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff BARBARA WASIAK ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**1. JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

2. Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## 2. **PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

5. Defendant is a Kansas corporation, with its principal place of business located at 3111 Camino Del Rio N, Suite 103, San Diego, CA 92108.

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## 3. **DEMAND FOR JURY TRIAL**

8. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

## 4. **ALLEGATIONS**

9. The debt (the "Consumer Debt") at issue is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

14. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's license number is CCA0900916.

PAGE | **2** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. Defendant does not maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.

16. The records specified by Rule 69V-180.080, Florida Administrative Code, of which does Defendant maintain, are not current to within one week of the current date.

17. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

18. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

19. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

20. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

21. Defendant mailed a collection letter, dated April 03, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

22. The Consumer Debt is a time-barred debt, *in that*, suing Plaintiff to collect the Consumer Debt is prohibited by the applicable statute of limitations. *See* Fla. Stat. §95.11.

23. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

24. Defendant engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715.

25. Defendant identifies itself as a "debt collector" in the Collection Letter.

26. The following is an excerpt of the Collection Letter:

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

> **Choose The Option That Works For You.**
>
> RE Webbank    Fingerhut Credit
>
> Dear Barbara,
>
> Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at MCMPay.com.
>
> **Option 1: 40% OFF**
> Payment Due Date: 05-03-2019
> You Pay Only
> $252.01
>
> **Option 2: 20% OFF**
> First Payment Due Date: 05-03-2019
> 3 Monthly Payments of Only
> $112.01
>
> **Option 3: Monthly Payments As Low As:**
> † Call today to discuss your options and get more details.
> $50 per month†
>
> If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.
>
> **Benefits of Paying!**
> ➢ Save up to $168.01
> ➢ Offer Expiration date: 05-03-2019
>
> **CALL US TODAY!**
> **(800) 282-2644**
>
> Sincerely,
>
> *Tim Bolin*
>
> Tim Bolin, Division Manager
>
> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

See <u>Exhibit A</u>.

27. Defendant has sent more than forty (40) letters to Florida consumers that attempt to collect a time-barred debt, wherein said letters state that the consumer was "pre-approved for a discount program designed to save money."

**5.    CLASS ALLEGATIONS**

28. This action is brought on behalf of the following two classes: the "FDCPA Class" and the "FCCPA Class."

29. The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) that attempt to collect a time-barred debt and claim to offer a "discount program" (5) during the twelve [12] months preceding the filing of this Complaint.

PAGE | **4** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

30. The "**FCCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) that violates either § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), or § 1692f of the FDCPA (5) during the twenty-four [24] months preceding the filing of this Complaint.

31. Plaintiff alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida which contain identical violations of the FDCPA and FCCPA.

5.1   EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

32. Common questions of law and fact exist as each of the proposed classes and otherwise predominate over any issues involving only individual class members.

33. The factual issues common to the FDCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, and whether Defendant, by and through said letter, violated the FDCPA.

34. The factual issues common to the FCCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a debt, and whether Defendant, by and through said letter, violated the FCCPA.

35. The principal legal issue for the FDCPA Class is whether Defendant, by and through the collection letters it mailed out to members of the FDCPA class, violated § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), and/or § 1692f of the FDCPA.

36. The principal legal issue for the FCCPA Class is whether Defendant, by mailing out collection letters to Florida consumers that violate the FDCPA, whether Defendant violates § 559.72(9) of the FCCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

37. Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

5.2   TYPICALITY

38. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3   ADEQUACY

39. Plaintiff is an adequate representative of each of the classes.

40. Plaintiff will fairly and adequately protect the interests of the classes.

41. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4   PREDOMINANCE AND SUPERIORITY

42. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## *COUNT I.*
## VIOLATION OF 15 U.S.C. § 1692e, e(2)(A), e(5), e(10), & § 1692f

44.     On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-43 as though fully set forth herein.

45.     Defendant violated § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), and § 1692f of the FDCPA because the Collection Letter Defendant dispatched to Plaintiff, in light of the least sophisticated consumer standard, was a deceptive, misleading, unfair, and unconscionable attempt to collect the time-barred debt from the least sophisticated consumer.

46.     With respect to the letter received by Plaintiff, the Collection Letter does not inform the least sophisticated consumer that Defendant cannot sue to collect the time-barred Consumer Debt. The statement: "*the law limits how long you can be sued on a debt*" is overly vague (e.g.: what "*law*;" what is meant by "*limits*;" how long is "*long*;" and which "*debts*?"), ambiguous in relevance (*i.e.*, the Collection Letter *does not state* the Consumer Debt *is* a debt which the "law" has "limited" the least sophisticated consumer from being "sued" on), and obscurely placed at the bottom of the Collection Letter in small, dismissive font. Instead of clarity, Defendant then follows with: "[b]ecause of the age of the age of your, debt we will not sue you for it" as if Defendant was *choosing* not to sue even though – in reality – Defendant **cannot** sue to collect the time-barred Consumer Debt.

47.     The Collection Letter does not inform the least sophisticated consumer that if the consumer made, or even agreed to make, a partial payment towards Consumer Debt, the consumer could restart the clock on the long-expired statute of limitations, in effect brining a long-dead debt back to life.

48. Defendant builds upon its deceptive scheme by nefariously offering the least sophisticated consumer so-called "discount program designed to save [the consumer] money." In reality, however, the opportunity that Defendant presents saves the consumer nothing. Any amount of a time-barred debt paid by debtor, no matter how small, will always cost more than paying nothing. In fact, the "discount program" only saves one thing – it saves is the underlying debt from remaining dead, in that, it saves the debt from the iron-clad protection of the statute of limitations.

49. The Collection Letter is filled with misleading language and innuendo that fails to make clear that the statute of limitations has ended. More critically, the Collection Letter does not inform the consumer that paying any amount of the Consumer Debt will service to revive the statute of limitations. This deception is compounded by the Collection Letter's nefarious language, such as: "You are pre-approved for a 40% discount;" "Congratulations! You have been pre-approved for a discount program designed to save you money;" and "Act now to maximize your savings…." *See* Exhibit A. The "discount program" is presented to the least sophisticated consumer without any mention of the impact or drawbacks of making a payment, or agreeing to make a payment, towards a time-barred debt, such as the restarting of the applicable statute of limitations.

50. Simply put, Defendant failed to sufficiently inform the least sophisticated consumer that the debt it sought to collect was absolutely time-barred, wrongfully misrepresented the nature and legal status of the underlying debt, deceptively offered the least sophisticated consumer a "discount program," and by failed inform the least sophisticated consumer, whatsoever, that the underlying debt can revived if, for example, the consumer agreed to make a partial payment towards the underlying debt.

51. Accordingly, Defendant violated § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), and § 1692f of the FDCPA by and through the deceptive, false, and misleading collection letters it (Defendant) mailed to Florida consumers in an attempt to collect time-barred consumer debts.

52. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

   (a)   Statutory damages, as provided under 15 U.S.C. §1692k;

   (b)   Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

   (c)   Such other or further relief as the Court deems proper.

### *COUNT II.*
### **VIOLATION OF FLA. STAT. § 559.72(9)**

53. On behalf of the FCCPA Class, Plaintiff incorporates by reference paragraphs 1-43 as though fully set forth herein.

54. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

55. Defendant is an entity governed by Fla. Stat. § 559.72(9), *in that*, it is a violation of the FCCPA for Defendant to engage in the conduct explicitly prohibited by Fla. Stat. § 559.72(9).

56. Here, as stated above, Defendant mailed out hundreds, if not thousands, of collection letters to Florida consumers that contains identical violations of the FDCPA.

57. At all times material, Defendant knew the collection letters was sending to Florida consumers violated the FDCPA by, among other things, attempting to collect time-barred debts without informing the least sophisticated consumer that the underlying debt was barred by the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

applicable statute of limitations, as well as offer the consumer a misleading "discount program" designed to deceptively induce the consumer to unknowingly restart the statute of limitations. As such, by knowingly sending Florida consumers collection letters that unlawfully attempt to collect a debt from the consumer, Defendant dually violated Fla. Stat. § 559.72(9).

58. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

(a) Statutory damages, as provided under Fla. Stat. § 559.7(2);

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(d) Such other or further relief as the Court deems proper.

DATED: June 30, 2019

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:     855-529-9540

*COUNSEL FOR PLAINTIFF*